**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| | **Case No. SAG-20-0196-001** |
| **DOGAR SINGH,** | |
| **Defendant.** | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through undersigned counsel, files this Sentencing Memorandum in support of its request that the Court sentence the defendant, Dogar Singh, to six months' probation, which is supported by the sentencing factors in 18 U.S.C. § 3553(a) and would be a just result.  The government submits this memorandum in advance of the hearing on August 21, 2024, at which it is anticipated that Mr. Singh will plead guilty to an Information charging him with one count of violating 18 U.S.C. § 1014 and also be sentenced.

## I.    Factual Background[1]

In 2019, when the criminal conduct in this case occurred, defendant Dogar Singh ("Singh") resided in Carteret, New Jersey.  On or about February 7, 2019, Singh filed documents with the State of New Jersey creating Dogar Logistics, Inc. ("Dogar Logistics").  The stated business purpose for Dogar Logistics was "Trucking and logistics related business."  Dogar Logistics was assigned Employer Identification Number ("EIN") 83-3519854.

In April 2019, Singh opened a TD Bank account for Dogar Logistics ending in 2115 ("TD 2115").  Singh caused false representations to be made to TD Bank that Dogar Logistics was a real and functioning business entity, when in truth and fact, Singh then and there knew that Dogar

---

[1] All references are to the Factual Stipulation appended to the guilty plea unless otherwise noted.

Logistics was a shell business that Singh was creating and opening bank accounts for to receive fictitious and unauthorized point of sale ("POS") merchant credits.  Singh made the false representations so as to influence the bank to open the business bank account.  Singh was the sole signer on TD 2115.

On or around April 19, 2019, TD 2115 received a fictitious and unauthorized POS retail credit in the amount of $9,000 from a Woodlawn, Maryland fast food restaurant called "Al Madina Kabob," operated by Emraan Akber and Mahinderpal Dhaliwal.  The credit was not supported by a real retail transaction.  This temporarily inflated the balance in TD 2115 with invalid merchant credits or refunds.  At the direction of others, Singh attempted to quickly access the unauthorized funds before the funds could be verified through the POS system.  For instance, on April 19, 2019, Singh wrote a check in the amount of $6,800 from TD 2115 made payable to "Dogar Logistics, Inc." and signed by Singh.  Singh also made withdrawals at ATMS in the amount of $705.99 on or around April 19, 2019, at the Horseshoe Casino in Baltimore, Maryland and in the amount of $700.00 on or around April 21, 2019, in Atlantic City, New Jersey.

## II.    Sentencing Guidelines Calculation

The parties agree that the applicable base offense level for making a false statement to a financial institution is 7 (U.S.S.G. § 2B1.1), which is increased by 2 levels, pursuant to U.S.S.G. § 2B1.1(b)(1)(B), because the loss amount was greater than $6,500 and less than $9,999.  After adjustments because the defendant was a minor participant in planning and organizing the making of a false statement to a financial institution (U.S.S.G. § 3B1.2), for acceptance of responsibility (U.S.S.G. § 3E1.1(a)), and because defendant has been determined to be a Zero-Point Offender (U.S.S.G. § 4C1.1(a)(1)-(10)), the resulting total offense level is 3.  This yields a sentencing guidelines range in Zone A of the Sentencing Table with a range of 0 to 6 months of imprisonment.

### III.     Restitution

The parties agree to the entry of a restitution order for the full amount of the victims' losses set forth in the factual stipulation, which the parties stipulate is $8,205.99, to be paid to TD Bank.

Pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3663, 3663A, 3664, and pursuant to the Plea Agreement, the Court must order restitution in the full amount of the victims' losses.  As to the "in full immediately" order, Congress has expressed a preference through statute that restitution be payable immediately.  This statutory preference is consistent with the Crime Victims' Rights Act mandate that victims receive "full and timely restitution as provided in law."  18 U.S.C. § 3771(a)(6).  Restitution orders that are payable in full immediately allow the government to ensure that victims receive restitution in a timely manner.

Even where a defendant does not have the ability to pay the full amount of the debt immediately, the "in full immediately" order allows the government to act swiftly if the defendant's finances change.  Further, an "in full immediately" order does not prejudice a destitute defendant because if the defendant has no assets, then the government cannot take any action to collect the debt. Moreover, oppressive collection tactics are prohibited by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq*.

### IV.     Sentencing Recommendation

The first factor that the Court must consider is the nature and circumstances of the offense and the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(1).  Here, the defendant created a shell business and opened a business bank account under false pretenses to obtain fictitious and unauthorized merchant credits from businesses controlled by others, including defendants Emraan Akber and Mahinderpal Dhaliwal.  The defendant is 71 years old and has

several health conditions.  The defendant has complied with the conditions of pre-trial supervision without incident since July 15, 2020. (ECF Nos. 14, 15).  The recommended sentence reflects the seriousness of the offense, promotes respect for the law, and provides adequate deterrence, both specific deterrence and general deterrence.  18 U.S.C. § 3553(a)(2).  In addition, the recommended sentence reflects the sentencing guidelines range in Zone A of the Sentencing Table. 18 U.S.C. § 3553(a)(3), (4).

Finally, the sentence must reflect the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  Here, the sentence recommended by the government is appropriate in consideration of sentences imposed in the U.S. District Court for the District of New Jersey and in the U.S. District Court for the Eastern District of Virginia in prosecutions involving the same or similar POS invalid authorizations or credits scheme.  The present case is also distinguishable, however, because it is anticipated that the defendant will plead guilty to making a false statement to a financial institution in violation of 18 U.S.C. § 1014, while the defendants listed below were convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.

| **Defendant** | **Loss Amount** | **Judgment in Criminal Case** |
|---|---|---|
| Erm Ayaz, Case No. 3:21-cr-00368-FLW (D. N.J.) | More than $40,000, but not more than $95,000 (ECF No. 96) | Non-custodial probation (ECF No. 106) |
| Habib Majid, Case No. 3:21-cr-00325-FLW (D. N.J.) | More than $150,000 but not more than $250,000 (ECF No. 96) | One year and 1 day (ECF No. 107) |
| Syed Abbas, Case No. 3:21-cr-00349-GC-1 (D. N.J.) | More than $550,000 but not more than $1,500,000 (ECF No. 26) | 16 months (ECF No. 38) |
| Ali Abbas, Case No. 3:20-cr-00978-FLW (D. N.J.) | More than $1,500,000 but not more than $3,500,000 (ECF No. 76) | 18 months (ECF No. 84) |

| | | |
|---|---|---|
| Muhammad Naveed, Case No. 3:22-cr-00045-GC-1 (D. N.J.) | More than $95,000 but not more than $150,000 (ECF No. 31) | 15 months (time served) (ECF No. 39) |
| Shamsher Farooq, Case No. 3:22-cr-00383-FLW-1 (D. N.J.) | More than $550,000 but not more than $1,500,000 (ECF No. 117) | 21 months (time served) (ECF No. 126) |
| Awaise Dar, Case No. 3:20-cr-01050-FLW-1 (D. N.J.) | More than $1,500,000 but not more than $3,500,000 (ECF No. 76) | 20 months (ECF No. 84) |
| Rana Sharif, Case No. 3:20-cr-00994-FLW (D. N.J.) | More than $1,500,000 but not more than $3,500,000 (ECF No. 79) | 20 months (ECF No. 93) |
| Soheila Kashmiery, Case No. 1:20-cr-00203-AJT (E.D. V) | More than $150,000 but not more than $250,000 (ECF No. 48) | 7 months (ECF No. 62) |
| Jamil Kashmiery, Case No. 1:20-cr-00202-AJT (E.D. Va.) | More than $150,000 but not more than $250,000 (ECF No. 45) | 6 months (ECF No. 58) |
| Daniel Pendergrass, Case No. 1:20-cr-00205-AJT (E.D. Va.) | More than $150,000 but not more than $250,000 (ECF No. 46) | 2 years supervised release (ECF No. 61) |
| Amir Khan, Case No. 1:21-cr-207-RDA (E.D. Va.) | More than $95,000 but not more than $150,000 (ECF No. 7) | 1 month (ECF No. 20) |
| Bryan Anyika, Case No. 21-cr-00033-AJT-4 (E.D. Va.) | More than $15,000 but less than $40,000 (ECF No. 58) | Non-custodial probation (ECF No. 69) |
| Sanaullah Tarar, Case No. 1:21-cr-00007-AJT-1 (E.D. Va.) | More than $250,000 but less than $550,000 (ECF No. 48) | 4 months (time served) (ECF No. 62) |

Here, the defendant acted at the direction of others and did not profit substantially from the offense, such that a probation sentence is sufficient. In sum, the government's recommended sentence of six months' probation is appropriate and responsive to the section 3553(a) factors.

## V.    Sentencing Hearing Estimated Length

The government anticipates that the combined change of plea and sentencing hearing will be accomplished in approximately 90 minutes.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:      */s/ Evelyn L. Cusson*
         Evelyn Lombardo Cusson
         Assistant United States Attorney